IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD PARKER,                          )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )        Civil Action No. 05-1019
                                        )
COMMISSIONER OF SOCIAL                  )
SECURITY,                               )
                                        )
            Defendant.                  )


O R D E R

AND NOW, this 29th day of March, 2007, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 13) filed in the above captioned matter on March 14, 2006,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on February 13, 2006,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part.  Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects.  Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. SECTION 405(g) in light of this Order.

1

I.        **Background**

Plaintiff filed an application for Supplemental Security Income ("SSI") in April 2003.  (R. 38-39).  After this application was initially denied, Plaintiff requested and received a hearing in front of an administrative law judge ("ALJ") which was held on February 9, 2004.  (R. 27-30, 261-75).  In a decision dated May 27, 2004, the ALJ denied Plaintiff's request for benefits.  (R. 11-19).  The Appeals Council declined to review the ALJ's decision on June 6, 2005.  (R. 3-5).  Therefore, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II.       **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record.  42 U.S.C. § 405(g).  The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues,

and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by counterveiling evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2000). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy... .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

3

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act.  See 20 C.F.R. § 416.920.  In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity.  See 20 C.F.R. § 416.920(b).  If so, the disability claim will be denied.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment.  See 20 C.F.R. § 416.920(c).  "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 920.921(a).  If the claimant fails to show that his impairments are "severe," he is ineligible for disability benefits.  If the claimant does have a severe impairment, however, the Commissioner must proceed to step three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment.  See 20 C.F.R. § 416.920(d).  If a claimant meets a listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to steps four and five.

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work.  See 20 C.F.R. § 416.920(e).  The claimant bears

the burden of demonstrating an inability to return to his past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's residual functional capacity, his age, education, and past work experience. Id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

III.    **The ALJ'S Decision**

In the present case, the ALJ applied the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since his filing date. (R. 15). The ALJ also found that Plaintiff met the second requirement of insofar as he had severe impairments, specifically, lupus and hepatitis C, but concluded that his impairments did not meet any of the listings that would satisfy step three. (R. 15).

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to "perform light work, which involves

maximum lifting up to 20 pounds, in a low stress environment." (R. 17). Based on this RFC, Plaintiff established that he is incapable of returning to his past employment; therefore, the ALJ moved on to step five. (R. 17). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs, including hand packer, sorter/grader or cashier. (R. 17-18, 272-273). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 18).

## IV.    Legal Analysis

In the present case, Plaintiff raises three arguments. First, he argues that the ALJ erred in failing to find that Plaintiff suffered from a "severe" mental impairment. Specifically, Plaintiff argues that based upon the de minimus standard of establishing a "severe" impairment at step two of the ALJ's analysis, the results of the neuropsychological exam performed upon him on January 15, 2003, clearly established that he suffers from a "severe" mental impairment. Second, Plaintiff argues that the fact that the ALJ failed to acknowledge, let alone discuss the results of the neuropsychological evaluation which diagnosed him with a cognitive disorder and a possible personality disorder, makes the instant record insufficient to allow this Court to determine whether substantial evidence supports the ALJ's decision. Lastly,

the Plaintiff argues that the ALJ's hypothetical posed to the VE in this case, was insufficient because he failed to set forth the basis for his determination that Plaintiff is limited to low stress work.

Because the Court believes that the record is unclear as to what weight, if any, the ALJ gave to evidence in the record regarding the extent of Plaintiff's cognitive impairments, it cannot determine whether substantial evidence supports the ALJ's determination of Defendant's RFC and will, therefore, remand the case for further consideration.[1]

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." Fargnoli, 247 F.3d at 40.  The Social Security Administration regulations make it clear that once it has been determined that a claimant has a severe impairment, an ALJ will take into consideration the limiting effects of all of the claimant's medically determinable impairments, "even those that are not severe" when determining the claimants RFC.  20 C.F.R. § 404.1545.  Even as noted by the ALJ in this case, he must consider "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence...."  (R. 15).

_____

[1]   The Court notes that substantial evidence does support the ALJ's determination that Plaintiff's only "severe" impairments, for purposes of step two of the five-step sequential analysis, are lupus and hepatitis C.

Here, the ALJ's discussion of Plaintiff's RFC is insufficient because he never even addressed the results of the neuropsychological exam performed on Plaintiff in January of 2003. The ALJ was well aware of Plaintiff's complaints regarding his memory. However, after doing a lengthy credibility analysis of Plaintiff, and vaguely referring to progress notes from December of 2003 which stated that a neurological examination was non-focal, the ALJ fails to ever address this neuropsychological exam which clearly stated that Plaintiff's learning and memory was impaired to some extent. (R. 16, 190).

Although the ALJ, is not expected "to make reference to every relevant treatment note, he is, as the fact finder, expected to evaluate the medical evidence in the record consistent with his responsibilities. Fargnoli, 247 F.3d at 42. Furthermore, while the ALJ may choose what evidence to credit, he "'cannot reject evidence for no reason or for the wrong reason.'" Morales, 225 F.3d at 317. Here, the ALJ's failure to even mention the results of this test makes it impossible to determine whether the ALJ considered and rejected it, considered and discounted it, or failed to consider it at all. Fargnoli, 247 F.2d at 43-44. This clearly was error on the part of the ALJ. Therefore a remand is proper so as to allow the ALJ to sufficiently address this relevant piece of evidence in

determining the Plaintiff's RFC and, based upon that determination, re-evaluate Plaintiff's claim.[2]

                                          s/Alan N. Bloch
                                          United States District Judge

ecf:      Counsel of record

---

[2] Because the Court is remanding this case to have the ALJ revisit his determination of the Plaintiff's RFC, it need not address Plaintiff's final argument regarding the basis of the ALJ's hypothetical posed to the vocational expert, as that hypothetical was based upon the ALJ's original RFC determination, which may or may not change on remand.